In re AVENTIS PHARMA S.A. and
Aventis Pharmaceuticals Inc.,
Petitioners.

Misc. No. 876.

United States Court of Appeals,
Federal Circuit.

July 23, 2008.

On Writ of Mandamus from the United States District Court for the Central Dis-

trict of California in case no. 07–CV–8137, Judge Mariana R. Pfaelzer.

On Petition for Writ of Mandamus.

Allen M. Sokal, Finnegan, Henderson, Farabow, Washington, DC, for Petitioners.

Charles B. Klein, Winston & Strawn LLP, Washington, DC, for Hospira, Inc.

Before MICHEL, Chief Judge, NEWMAN and GAJARSA, Circuit Judges.

Order for the court filed by Chief Judge MICHEL.

### ORDER

PAUL R. MICHEL, Chief Judge.

Aventis Pharma S.A. and Aventis Pharmaceuticals Inc. (collectively "Aventis") petition for a writ of mandamus to direct the United States District Court for the Central District of California to defer entry of an order on Hospira, Inc.'s motion for judgment on the pleadings and entry of final judgment.

Aventis owns a patent claiming enoxaparin sodium. Hospira filed an abbreviated new drug application ("ANDA") with the Food and Drug Administration ("FDA") seeking approval to market a generic version of the patented product. Aventis sued Hospira for infringement, triggering the 30–month stay of FDA approval of the ANDA pursuant to 21 U.S.C. § 35(j)(5)(B)(iii). Aventis's patent was the subject of earlier litigation in the same district court involving a different defendant, and in that litigation, the court held the patent unenforceable. On May 14, 2008, this court affirmed that holding. *See Aventis Pharma S.A. v. Amphastar Pharms., Inc.,* 525 F.3d 1334 (Fed.Cir. 2008) ("*Amphastar* ").

On June 9, 2008 in this case, the district court indicated at a hearing that it would grant Hospira's motion for judgment based on the now-affirmed unenforceability ruling in *Amphastar.* Aventis then filed the instant mandamus petition with this court, and on June 17, 2008, we entered a stay ordering the district court to temporarily defer entry of judgment, pending our resolution of the mandamus petition.

The remedy of mandamus is available only in extraordinary situations to correct a clear legal error or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ of mandamus bears the burden of proving both that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to [the trial court's] discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.' " *Id.*

Through its mandamus petition, Aventis seeks to delay the district court's entry of judgment in this case until after this court has ruled on its pending petition for rehearing en banc in *Amphastar,* arguing that "this Court may yet vacate or reverse the *Amphastar* judgment." According to Aventis, it will suffer irreparable harm if the district court enters judgment now because the 30–month stay of FDA approval for Hospira's ANDA would terminate and could not be restored. Aventis argues that Hospira would not be harmed by delay of the entry of judgment because Hospira has not yet received tentative FDA approval.

Hospira contends that Aventis has not shown that its right to a writ is clear and

indisputable because the district court's decision not to stay entry of judgment pending a decision on en banc rehearing in *Amphastar* is a discretionary ruling based on principles of collateral estoppel. Hospira further argues that Aventis has no clear and indisputable right to continuance of the 30–month statutory stay because Aventis's patent has been declared unenforceable. Finally, Hospira contends that Aventis may still seek injunctive relief or pursue regulatory options with the FDA and thus has other means available to obtain the relief it seeks by mandamus.

We hold that Aventis has not met its burden of showing both that it has a clear and indisputable right to the writ and that it has no other means of attaining the relief sought. Aventis has cited no authority that the district court is required to defer the entry of a final judgment in this case, pending issuance of the mandate in the appeal in *Amphastar*. Indeed, the district court's decision of when to enter final judgment is committed to the court's discretion, and in this case, the district court could have entered judgment at any time after holding the patent unenforceable. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (A trial court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."); *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 665, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978) ("[A] district court's decision to defer proceedings ... is generally committed to the discretion of that court."); *see also Vieira v. Woodford*, 258 Fed. Appx. 924, 924 (9th Cir. Dec.10, 2007) (reviewing district court's denial of a motion to stay entry of summary judgment for abuse of discretion). Because the district court has discretion to decide when to enter final judgment in this case, Aventis's right to the writ is not clear and indisputable. We therefore must deny its petition.

Nor has Aventis shown that it has no other means of attaining the relief sought. After entry of judgment by the district court, Aventis can appeal the judgment to this court and can request that the district court stay its judgment pending appeal. If the district court refuses, Aventis can seek a stay from this court.

In sum, Aventis has shown neither that its right to the writ is clear and indisputable nor that it lacks other means of attaining the relief sought.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is denied.

(2) The temporary stay of the district court's entry of judgment, pursuant to the court's June 17, 2008 order, is lifted.